**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Alexi Ortiz
11710 Old Georgetown Rd #1329
Rockville, MD  20852

    Plaintiff

    v.　　　　　　　　　　　　　　　　Case No. 8:21−cv−01169−CBD

1) Prince George's County, Maryland
14741 Gov. Oden Bowie Drive
Upper Marloboro, MD  20772

SERVE RESIDENT AGENT:
Jared M. McCarthy, Esq.
1301 McCormick Drive
Suite 4100
Largo, MD 20774

2) Stephen J. McGibbon, in his official capacity as Director,
Prince George's County Department of Finance
1301 McCormick Drive
Suite 1100
Largo, MD 20774

SERVE ALSO:
Jared M. McCarthy, Esq.
1301 McCormick Drive
Suite 4100
Largo, MD 20774

3) Michael L. Higgs, Director,
State Department of Assessments & Taxation,
    officially as both a state and local official,
    and/or individually,
301 W. Preston Street
Baltimore, MD 21201

SERVE ALSO:
Brian E. Frosh, Esq., Attorney General
200 St. Paul Place
Baltimore, MD 21202

    Defendant(s)
* * * * * * * * * * * * * * * * * * * * * * * *   * * * * * * * * * * * * * * *

## AMENDED COMPLAINT

Plaintiff, Alexi Ortiz, by and through his undersigned counsel, R. Manny Montero, Esq., Jude E. Wikramanayake, Esq., Michael A. Ostroff, Esq., and the Montero Law Group, LLC, sues Defendants Prince George's County, Maryland, Stephen J. McGibbon, in his official capacity as the Director for the Prince George's County Department of Finance, and Michael L. Higgs, in his official capacity as the Director of the Maryland State Department of Assessments and Taxation, officially as a state and local official, and/or individually, for violations of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, which resulted in the deprivation of Plaintiff's property without due process and without just compensation, and as grounds states as follows:

## Parties and Jurisdiction

1. Plaintiff Alexi Ortiz (hereinafter "Plaintiff") is a citizen of the United States, a resident of Montgomery County, Maryland, and owned real property in Prince George's County, Maryland.

2. Defendant Prince George's County, Maryland is a body politic and political subdivision in the State of Maryland, that had and has the power and authority to collect real property taxes on, and to dispose of real property within, its jurisdiction, pursuant to Md. Code, Tax-Property Article. *See* Md. Code, Tax-Property § §§ 4-101(a), 4-201; 14-808(a).

3. Defendant Stephen J. McGibbon (hereinafter, "Gibbons"), herein sued in his official capacity, is the Director of the Department of Finance, an executive branch department of Prince George's County, Maryland, who is the collector of real property taxes for properties located within its jurisdiction, and is empowered to "enforce payment thereof by sale of the property liable therefore, and to convey good title to any such property, real

or person, so sold by him." *See* Md. Code, Tax-Property §§ 4-101(a), 4-201; Prince George's County Code §§ 10-113, 10-122.

4. Defendants Prince George's County, Maryland, and Gibbons are hereinafter collectively and interchangeably referred to as the "County".

5. Defendant Michael L. Higgs (hereinafter, "Higgs"), is the Director of the State Department of Assessments and Taxation (hereinafter, the State Department), an executive branch department of the State of Maryland, who is charged with and responsible for "prepare, install, and maintain for each county a complete record of properties, with appropriate indexes and cross indexes[,] Md. Code, Tax-Property §2-210, and is responsible for and empowered, among other things,

> (2) to administer the assessment and tax laws of the State and of each county and municipal corporation;
>
> (3) to direct that the Department enter all taxable property on the assessment rolls and, regardless of whether the property is owned by an individual, corporation, or some other person, to value alike all property of a like kind;
>
> (5) subject to the approval of the Comptroller, to adopt a uniform system of accounts to be used by all collectors of State taxes;
>
> (7) to direct that the Department require any person to provide complete information as to that person's ownership of taxable property and to its value;
>
> (8) to direct that the Department investigate, on its own initiative, at any time, any assessment on any property in the State;

Md. Code, Tax-Property §2-202. Defendant Higgs, the State Department and related State actors are hereinafter collectively and interchangeably referred to as the "State".

6. Under Tax-Property 2-210, Defendant Higgs acts as both a state official as well as a local official while acting in his official capacity and, in the alternative, was operating in his individual capacity to the extent such actions were taken outside of the scope of his statutory authority.

3

7. This Court has original, federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3); 42 U.S.C. § 1983; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**Applicable Federal Constitutional and Statutory Provisions**

8. The Fifth Amendment to the United States Constitution provides that no person "be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use, without just compensation."

9. The Fourteenth Amendment to the United States Constitution provides "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

10. Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

**Statement of Facts**

11. On April 15, 2014, Plaintiff purchased real property located in Prince George's County, Maryland, and described as 1702 Hannon Street, Unit 1, Hyattsville, MD 20783 (hereinafter "Subject Property") but with a postal mailing address of 1702 Hannon Street, Unit T-2, Hyattsville, MD 20783 (hereinafter, the "Mailing Address"), pursuant to a

conveyed by date subsequently record in the Land Records of Prince George's County at Liber 35950, folio 001, *et seq.* (hereinafter, the "Deed").

12. The Subject Property is subject to the real property tax scheme outlined in the Tax-Property Article of the Maryland Code.

13. At the time of recordation, the Deed was submitted to the County's Department of Finance, and it was accompanied by copies of the State of Maryland Land Instrument Intake Sheet (hereinafter, the "Intake Sheet"), which provided that a) the "location/address being conveyed" as the Mailing Address and b) the "new owner's (grantee's) address" as 11710 Old Georgetown Rd, #1329, Rockville, MD 20852 (hereinafter the "Notice Address").

14. Upon information and belief, despite the Mailing and Notice addresses being provided on the Intake Sheet, the County and/or the State recorded and indexed the wrong addresses in the public records and tax rolls, instead listing the premises address as 1702 Hannon Street, Condo Unit 1, Hyattsville, MD 20783 (hereinafter, "Descriptive Address") and an unknown and unrelated owner's address of 1700 Hannon Street, Condo Unit 1, Hyattsville, MD 20783 (hereinafter, the "Wrong Address").

15. Upon information and belief, Defendant State's actions, pursuant to Md. Code, Tax-Property §2-202, are a mix of both state and local functions, as the State Department is charged with "administer[ing] the assessment and tax laws of the State and of each county and municipal corporation[,]" along with other duties.

16. Due to the County's and/or State's failure to properly record and index the correct Mailing and Notice addresses, as provided on the Intake Sheet, Plaintiff never received the real property tax bills for the Subject Property.

17. Additionally, Maryland law requires that the County provide both pre- and post-tax sale notice to "the person who last appears as owner of the property of the collector's roll, at the last address shown on the tax roll[.]  *See, e.g.,* Md. Code, Tax-Property §§ 14-812, 14-817.1.

18. When the County initiated tax sale procedures under Maryland's tax sale scheme, *see* Md. Code, Tax-Property §§ 14-808, *et seq.*, and again due to the County's and State's failure to properly record and index the correct addresses, the County never provided, and Plaintiff never receive, the constitutionally and statutorily required tax sale notices.

19. Accordingly, the County sold the real property tax certificate for the Subject Property to a tax sale purchaser, who ultimately succeeded in foreclosing Plaintiff's rights in the Subject Property, all without ever providing actual notice to the Plaintiff at the Mailing Address or Notice Address of the tax sale and process to dispose of the Subject Property.

20. The Defendants' failure to properly record and index the Mailing Address and Notice Address thus deprived the Plaintiff of due process in advance of the deprivation of his property rights and, therefore, was the procuring cause of Plaintiff's property loss, including but not limited to financial losses.

21. At all relevant times, Defendants possessed, controlled, and maintained the public records and tax roles that listed the incorrect Descriptive and Wrong Addresses.

22. At all relevant times, Defendants had access to and control over the recorded Intake Sheet, which provided the correct Mailing and Notice Addresses.

23. Upon information and belief, Defendant County had actual or constructive notice that the addresses on record were incorrect as tax bills, pre-tax sale, and post-tax sale notices were not being delivered to Plaintiff or the Subject Property.

## COUNT I – Violation of Federal Takings Clause

24. Plaintiff avers and reincorporates by reference all above Paragraphs.

25. The Fifth Amendment to the United States Constitution provides that no person "be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use, without just compensation."

26. Maryland law establishes a scheme for counties to conduct tax sales and for tax sale purchasers to then foreclosure the property owner's rights of redemption. Md. Code, Tax-Property §§ 14-808, *et seq*.

27. At all relevant times, Defendants were charged with the administration of tax assessments, and maintenance of the tax records, as required under applicable State and County statute.

28. Defendants, acting under the color of law and in an official capacity, were uniquely positioned and empowered to ensure compliance with the tax sale statute, including the acceptance, indexing, recording, maintenance, and review of the land records and tax records.

29. Defendants, acting under the color of law and in their official capacities, engaged in a practice or process that failed to maintain accurate tax records for the Subject Property in accordance with the relevant statutes.

30. Defendant County, acting under the color of law and in an official capacity, conducted a tax sale and sold the tax sale certificate regarding the Subject Property in contravention of Plaintiff's constitutional rights and state law by failing to provide the statutorily required notices to Plaintiff at either the Mailing Address or Notice Address.

31. The Defendants' failure to properly record and index the Mailing Address and Notice Address thus deprived the Plaintiff of due process in advance of the deprivation of his property rights and, therefore, was the procuring cause of Plaintiff's property loss, including but not limited to financial losses.

32. Thus, the actions of Defendants caused the loss of Plaintiff's interest in the Subject Property in violation of the Fifth Amendment's Takings Clause, and are herein actionable.

## COUNT II – Violation of Federal Due Process Clause

33. Plaintiff avers and reincorporates by reference all above Paragraphs, and .

34. The Fourteenth Amendment to the United States Constitution provides "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

35. Maryland law establishes a scheme for counties to conduct tax sales and for tax sale purchasers to then foreclosure the property owner's rights of redemption. Md. Code, Tax-Property §§ 14-808, *et seq*.

36. At all relevant times, Defendants were charged with the administration of tax assessments, and maintenance of the tax records, as required under applicable State and County statute.

37. Defendants, acting under the color of law and in an official capacity, were uniquely positioned and empowered to ensure compliance with the tax sale statute, including the

acceptance, indexing, recording, maintenance, and review of the land records and tax records.

38. Defendants, acting under the color of law and in their official capacities, engaged in a practice or process that failed to maintain accurate tax records for the Subject Property in accordance with the relevant statutes.

39. Defendant County, acting under the color of law and in an official capacity, conducted a tax sale and sold the tax sale certificate regarding the Subject Property in contravention of Plaintiff's constitutional rights and state law by failing to provide the statutorily required notices to Plaintiff at either the Mailing Address or Notice Address.

40. The Defendants' failure to properly record and index the Mailing Address and Notice Address thus deprived the Plaintiff of due process in advance of the deprivation of his property rights and, therefore, was the procuring cause of Plaintiff's property loss, including but not limited to financial losses.

41. Thus, the actions of Defendants caused the loss of Plaintiff's interest in the Subject Property in violation of the Fourteenth Amendment's Due Process Clause, and are herein actionable.

## COUNT III – CLAIM FOR RELIEF UNDER 42 USC § 1983

42. Plaintiff avers and reincorporates by reference all above Paragraphs.

43. Defendants, acting under the color of law and in their official capacities, accept deeds and land instrument intake sheets, record and index the information in the records and tax rolls, maintains the systems and records for its own and public use, and conduct tax sales for its own benefit.

44. Maryland law establishes a scheme for counties to conduct tax sales and for tax sale purchasers to then foreclosure the property owner's rights of redemption. Md. Code, Tax-Property §§ 14-808, *et seq*.

45. Defendant County, acting under the color of law and in an official capacity, conducted a tax sale and sold the tax sale certificate regarding the Subject Property in contravention of Plaintiff's constitutional rights and state law by failing to provide the statutorily required notices to Plaintiff at either the Mailing Address or Notice Address.

46. Defendants, acting under the color of law and in an official capacity, were uniquely positioned and empowered to ensure compliance with the tax sale statute, including the acceptance, indexing, recording, maintenance, and review of the land records and tax records.

47.  Defendants, acting under the color of law and in an official capacity, engaged in a practice or process that violated Plaintiff's constitutional and statutory rights to due process and ultimately caused the deprivation of Plaintiff's constitutionally protected property rights under the Fifth and Fourteenth Amendment rights.

48. Defendants are therefore liable to the Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory damages for the deprivation of his constitutionally protected property rights, privileges and immunities.

### **COUNT IV – NEGLIGENCE**
### **(County Defendants Only)**

49. Duty: Defendant County had a duty to accept and process deeds and land instrument intake sheets, accurately record and index the information in their records and tax rolls,

maintain the systems and records for their own uses and public use, and/or conduct tax sales for its in compliance with the procedures outlined in the Tax-Property Article.

50. Breach: Defendant County breached of their duties by incorrectly processing the Intake Sheet, and recording and indexing the incorrect addresses in the records and tax rolls.

51. Breach: Defendant County further breached its duty by conducting a tax sale in contravention of Plaintiff's constitutional and statutory due process rights when it failed to provide pre- and post-tax sale notice to the Plaintiff at the Mailing Address and Notice Address.

52. Proximate Cause: But for the failure of the Defendant County to maintain accurate records and to serve the constitutionally and statutorily required notice on the Plaintiff. Plaintiff would not have been subject to a violation of his constitutional rights to due process and the deprivation of his property.

53. Damages: As a direct and proximate result of the Defendants' breach, the Plaintiff lost the Subject Property without receiving the constitutionally and statutorily mandated notices prior to the deprivation of his property rights, resulting in actual and compensatory damages.

WHEREFORE, Plaintiff requests that this Honorable Court grant and order the following relief:

a. An award of actual and compensatory damages in an amount to be established at trial, together with interest thereon as permitted by law; and

b. An award of attorney's fees if permitted by and all taxable costs of this action a may be allowed by this Court; and

c. The entry of a monetary judgment in conformance with the amounts awarded herein, to accrue interest at the federal judgment rate; and

d. For such further and other relief as this Honorable Court may deem appropriate..

**<u>Jury Demand</u>**

Plaintiff requests a trial by jury.

                                        Respectfully Submitted,

                                        <u>/s/ Michael A. Ostroff, Esq</u>
                                        Jude E. Wikramanayake, Esq. #15161
                                        R. Manny Montero, #14911
                                        Michael A. Ostroff, Esq. #17803
                                        Montero Law Group, LLC
                                        1738 Elton Road, Suite 105
                                        Silver Spring, MD 20903
                                        Tel: 301.588.810; Fax: 301-588-8101
                                        mostroff@monterolawgroup.com