UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXI ORTIZ | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8.21-cv-1169-AAQ |
| PRINCE GEORGE'S COUNTY, *et al.* | * | |
| Defendants | * | |

## MEMORANDUM OPINION

This is a case concerning the alleged failure of the government to provide an individual due process before foreclosing upon his home. Before the Court are several motions, among them, Plaintiff Alexi Ortiz's Motion for Leave to File a Second Amended Complaint (ECF No. 25), Defendant Maryland State Department of Assessments and Taxation's (SDAT) Motion to Strike the Amended Complaint (ECF No. 22), and Defendant SDAT's Second Motion to Dismiss for Failure to State a Claim (ECF No. 19). For the reasons discussed below, Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED, Defendant SDAT's Motion to Strike the Amended Complaint is DENIED, and opportunity for further briefing is ordered regarding Defendant SDAT's Second Motion to Dismiss.

## BACKGROUND

Given the multiple attempts by Plaintiff to amend his complaint, the oppositions thereto, and the multiple attempts by Defendant SDAT to dismiss Plaintiff's claims against it, it is worth clarifying the procedural history of the case and the parties' current arguments.

On May 13, 2021, Plaintiff Alexi Ortiz filed suit against multiple government entities, both state and local, alleging that they, to some degree, had been responsible for a chain of events that

1

ultimately resulted in the foreclosure of his residence without proper due process as required by the United States Constitution.  (ECF Complaint No. 2).  Plaintiff also alleged that various government entities had been negligent in contributing to the foreclosure of his home.  (*Id*. at 7-8).  In response, on June 3, 2021, Defendant Prince George's County answered Plaintiff's Complaint.  (ECF No. 10).  Defendant SDAT, in response to the Complaint, moved to dismiss the case against it on the grounds that, among other things, the agency could not be held liable given the specific types of relief sought, the specific parts of the State sued, and the alleged lack of notice provided.  (ECF No. 12-1, at 1).  On June 24, 2021, Plaintiff responded by, among other things, requesting leave to amend the complaint.  (ECF No. 14, at 2).

On February 14, 2022, the Court denied Defendant's Motion to Dismiss without prejudice and granted Plaintiff leave to amend.  (ECF No. 15).  Pursuant to the Court's decision, Plaintiff was ordered, if it so chose, to file an amended complaint within fourteen days.  (*Id*.)  Before the fourteen days elapsed, Plaintiff sought clarification from the Court as to the specific types of amendments it believed appropriate to adequately respond to Defendant's first Motion to Dismiss.  (ECF No. 17, at 3).  On March 2, 2022, the Court properly denied this request.  (ECF No. 18).

On March 16, 2022 – within fourteen days of the Court's denial of the Motion for Clarification, Plaintiff filed an Amended Complaint.  (ECF No. 20).  On the same day, Defendant SDAT renewed their Motion to Dismiss, raising many of the same arguments it raised in its first Motion to Dismiss.  (ECF No. 19).  On March 21, 2022, Defendant moved to strike the Amended Complaint solely on the basis that Plaintiff had failed to file an Amended Complaint within the timeline contemplated by the Court's February 14, 2022 order.  (ECF No. 22-1, at 1).  On March 30, Plaintiff moved the Court for leave to file a Second Amended Complaint (ECF No. 25) and filed a Second Opposition to Defendant's Second Motion to Dismiss, providing substantive

responses to Defendant SDAT's Second Motion to Dismiss.[1] (ECF No. 24). Defendant SDAT opposed the request for leave to file a Second Amended Complaint because it was not filed within the time contemplated by the Court's February 14, 2022 order, and because it allegedly continued to contain the substantive deficiencies highlighted in Defendant SDAT's First and Second Motions to Dismiss. (ECF No. 26, at 1). No subsequent briefing on the Motions to Dismiss has occurred.[2]

## ANALYSIS

Currently, before this Court are three questions: 1) was it proper for Plaintiff to amend the Complaint on March 16, 2022; 2) should leave be granted to Plaintiff to amend its Complaint a second time; and 3) whether Plaintiff's Second Amended Complaint should be dismissed because of substantive deficiencies.

**I.      Plaintiff Complied with the Court's February 14, 2022 Order.**

As recounted above, on February 14, 2022, this Court issued an order granting leave for Plaintiff to file an amended complaint on or before February 28, 2022. Within that time frame, Plaintiff sought clarification as to the meaning of the Order. Once that request was denied, it was reasonable for Plaintiff to assume that he had the time thereafter contemplated by the original order to file an Amended Complaint. Accordingly, Plaintiff, within fourteen days of the denial of the Motion for Clarification, filed an Amended Complaint.

Courts have broad discretion over the interpretation of their own orders, particularly when they relate to matters of scheduling and case management. *See U.S. v. Allen*, 491 F.3d 178, 192

---

[1] On March 16, 2022, Plaintiff filed its first Opposition to the Second Motion to Dismiss noting that the Second Motion to Dismiss was mooted by the filing of the Amended Complaint and indicating that Plaintiff would subsequently file a Memorandum in Support of the Opposition at a later time. (ECF No. 21, at 2). Although not docketed as such, it is possible that the March 30, 2022 Opposition is the Memorandum to which the first Opposition referred.

[2] On April 29, 2022, I became the presiding judge regarding this matter.

(4th Cir. 2007) (noting that "district courts possess wide discretion with regard to case management"). Given Plaintiff's timely request for clarification, and timely filing of an Amended Complaint upon the denial of this request, I find that Plaintiff filed its first Amended Complaint in a timely manner. Accordingly, Defendant SDAT's motion to strike is denied.

## II. Plaintiff Is Granted Leave to File a Second Amended Complaint.

Defendant SDAT also opposes Plaintiff's request for leave to file a Second Amended Complaint. As noted above, Defendant SDAT's argument relies, in part, on the same argument addressed above – that Plaintiff failed to file an Amended Complaint within the time contemplated by the Court's previous orders. For the reasons above, I find this argument unavailing.

Although Defendant has not specifically argued that Plaintiff's Second Amended Complaint conflicts with Federal Rule of Civil Procedure 15(a), I find that allowing a second amendment would not prejudice the Defendant or be in bad faith. Plaintiff is not eligible to amend under FRCP 15(a)(1). *See* Federal Rules of Civil Procedure ("FRCP") 15(a)(1) (stating that one amendment is allowed as a matter of course). Accordingly, pursuant to FRCP 15(a)(2), the plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave". FRCP 15(a)(2). Leave to amend should be freely given, denied only when it would prejudice the opposing party, would be futile, or would be in bad faith. *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (omitting internal citations). This case, in essence, is still at its beginning. Other than an Answer by a separate Defendant, no proceedings unrelated to the yet undecided Motions to Dismiss have occurred. In fact, the Second Motion to Dismiss

has yet to be fully briefed as no Reply has been filed.  Likewise, no scheduling order has been entered setting a deadline for amendments.  Nor has Defendant SDAT made any argument as to how it would be prejudiced by the filing.  Accordingly, given these factors and Plaintiffs' relative timely compliance with the Court's Orders regarding amendment, I find that allowing Plaintiffs' second amendment is neither prejudicial nor in bad faith.  *See id.* at 427 ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.").

To the extent that Defendant SDAT's opposition argues that the Second Amended Complaint should be dismissed because it suffers from the same fatal flaws as previous versions of the Complaint and thus amendment is futile, I reserve deciding this issue until the completion of the opportunity for further briefing discussed below.

### III. Opportunity for Further Briefing on Defendant SDAT's Motion to Dismiss Is Ordered.

As discussed above, Defendant raises several substantive concerns regarding Plaintiff's Complaint, even as amended a second time.  These issues have yet to be fully briefed and merit both the Court's and the parties' direct attention separate and apart from any scheduling questions or attempts to amend.  Up to this point, the parties seem to each be briefing and relying, in such briefing, on varying versions of Plaintiffs' Complaint.  Accordingly, I shall set a schedule for the parties to complete briefing on the Motions to Dismiss with an understanding that the Second Amended Complaint shall be the operative complaint for the purpose of the Motion to Dismiss briefing.

- If it so chooses, Defendant SDAT shall renew its Second Motion to Dismiss or file any supplementary briefing in support of a Motion to Dismiss the Second Amended

Complaint on or before May 20, 2022.  Alternatively, Defendant may simply rest on its previous filings.[3]

- Plaintiff must file any additional Opposition to the Second Motion to Dismiss or to a Motion to Dismiss the Second Amended Complaint on or before June 6, 2022. Alternatively, Plaintiff may simply rest on its Opposition to the Second Motion to Dismiss filed at ECF No. 24.[4]

- Defendant SDAT shall file any Reply in Support of its Second Motion to Dismiss or a Motion to Dismiss the Second Amended Complaint on or before June 20, 2022.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED, Defendant SDAT's Motion to Strike the Amended Complaint is DENIED, and opportunity for further briefing is ordered regarding Defendant SDAT's Second Motion to Dismiss which remains pending.

Dated: May 6, 2022                                     _____/s/_____
                                                      Ajmel A. Quereshi
                                                      United States Magistrate Judge

---

[3] The parties should not interpret this opportunity as an indication that I find Defendant SDAT's briefing sufficient or insufficient.  Rather, it reflects the fact that Defendant filed its Second Motion to Dismiss before Plaintiff filed its Second Amended Complaint.  Although Defendant has since indicated that Plaintiff's Second Amended Complaint suffers from at least some of the same flaws as previous versions, I provide Defendant SDAT the opportunity for further briefing to ensure the parties are provided equal notice and opportunity.

[4] As discussed in relation to the Defendant in the previous footnote, the parties should not interpret this opportunity as an indication of the sufficiency, or lack thereof, of the filing Plaintiff already made.