# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ALEXI ORTIZ        *

          Plaintiff       *

          v.          *      Civil Case No. 8:21-cv-1169-AAQ

PRINCE GEORGE'S COUNTY, *et al.*     *

          Defendants       *

## MEMORANDUM OPINION

This is a case concerning the alleged failure of the government to provide an individual with due process before selling his home.  Before the Court are Defendant Michael L. Higgs' Second Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment.  ECF Nos. 19 and 30.  For the reasons discussed below, Defendant's Motions shall be denied.

## BACKGROUND

According to Plaintiff's Second Amended Complaint, Plaintiff purchased a property in Prince George's County, Maryland.  ECF No. 25-2, at ¶ 10.  Although the property was located at Unit 1 in the relevant building, the mailing address of the property was "Unit T-2".  *Id.*  Plaintiff alleges that although he provided the County Department of Finance with the proper address of his residence – Unit T-2, the wrong address – Unit 1 – was recorded in the relevant public records and tax rolls.  *Id.* at ¶ 13.  Plaintiff alleges that, as a result of this improper recording, he never received the property tax bills associated with his property.  *Id.* at ¶ 15.  Likewise, when Prince George's County initiated the tax sale process of his home, he never received notice of the sale.  *Id.* at ¶ 16-17.  Plaintiff's property was ultimately sold and the purchaser foreclosed on Plaintiff.  *Id.* at ¶ 18.

1

Plaintiff faults multiple state and local officials for this chain of events.  Importantly, for the purpose of the dispute specifically before the Court, Plaintiff alleges that Defendant Michael L. Higgs, the Director of the Maryland Department of Assessments and Taxation, was responsible for "prepar[ing], install[ing], and maintain[ing] for each county a complete record of properties, with appropriate indexes and cross indexes[.]"  *Id.* at ¶ 4 (citing Md. Code, Tax-Property §2-210); *see id.* at ¶ 27 ("Defendants, acting under the color of law and in an official capacity, were uniquely positioned and empowered to ensure compliance with the tax sale statute, including the acceptance, indexing, recording, maintenance, and review of the land records and tax records."); *id.* at ¶ 36 (same); *id.* at ¶ 45 (same).  However, Defendant Higgs, among other Defendants, "acting under the color of law and in their official capacities, engaged in a practice or process that failed to maintain accurate tax records for the Subject Property in accordance with the relevant statutes." *Id.* at ¶ 28; *see id.* at ¶ 37 (same); *id.* at ¶ 46 (alleging that Defendants engaged in a pattern or practice that "violated Plaintiff's constitutional and statutory rights to due process and ultimately caused the deprivation of Plaintiff's constitutionally protected property rights under the Fifth and Fourteenth Amendment rights.").  Although Plaintiff makes allegations regarding the sale of his property, as well, these specific allegations are limited to Defendants other than Defendant Higgs. *See id.* at ¶ 29 ("Defendants County and/or Gibbons, acting under the color of law and in an official capacity, conducted a tax sale and sold the tax sale certificate regarding the Subject Property in contravention of Plaintiff's constitutional rights and state law by failing to provide the statutorily required notices to Plaintiff at either the Mailing Address or Notice Address."); *id.* at ¶ 38 (same); *id.* at ¶ 44 (same).

Plaintiff alleges that Defendants' actions violated the U.S. Constitution's Takings Clause (Count I) and Federal Due Process Clause (Counts II and III).  Plaintiff separately brings a negligence claim, as well, against Defendants other than Defendant Higgs.

On May 6, 2022, I granted Plaintiff leave to file a Second Amended Complaint and gave both parties the opportunity to file further briefing on Defendant Higgs' pending Second Motion to Dismiss.  ECF No. 27.  In response, on May 18, 2022, Defendant Higgs filed a Motion for Summary Judgment seeking dismissal of all claims against him.  ECF No. 30.  Defendant filed this Motion even though discovery has yet to commence.  Defendant Higgs' most recent Motion largely adapts its earlier arguments to account for the adjustments made in Plaintiff's Second Amended Complaint.  Accordingly, although I will reference Defendant Higgs' pending Second Motion to Dismiss where necessary, my focus is on the arguments in Defendant Higgs' Motion for Summary Judgment.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b) provides that a party may move to dismiss where the Plaintiff has "fail[ed] to state a claim upon which relief can be granted."  When ruling on a motion to dismiss, the court considers whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)).  The court will consider whether the plaintiff has pled factual content allowing reasonable inferences to be drawn that the defendant is "liable for the misconduct alleged."  *Id.*  The plaintiff need not plead facts that are probable, but must present facts showcasing more than a "sheer possibility" that the conduct perpetuated by a defendant is unlawful.  *Id.*  The plaintiff has an obligation to provide more than "a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555.  Pleadings

that present "no more than conclusions" will not be "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court may not consider extrinsic evidence unless the motion to dismiss is converted into one for summary judgment. Fed. R. Civ. P. 12(d).   The court should not make such a conversion where the parties are not given notice and are not afforded the opportunity to conduct reasonable discovery. *Carter v. Baltimore Cnty., Maryland,* 39 Fed.Appx. 930, 932-33 (4th Cir. 2002).  There are a few limited exceptions to this rule – extrinsic evidence may be considered where documents attached to a motion to dismiss are integral to the complaint. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).  However, the authenticity of such documents must not be in dispute.  *Id.* The court may also take judicial notice of certain facts outside of the complaint, but only if they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

## ANALYSIS

The gravamen of Defendant's pending Motions are two separate, but related, arguments. First, Defendant Higgs argues that because he is a state official, he is immune from any suit in which a Plaintiff seeks damages.  ECF No. 30-1, at 4.  Second, Defendant Higgs argues that he had no role in the local tax sale process, and thus could not have been acting in a local capacity. ECF No. 30-1, at 2.  Neither of these arguments are persuasive.

### I.      A State Official's Designation as Such is not Determinative.

"The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle."  *Alden v. Maine*, 527 U.S. 706, 728–29 (1999).  "[I]t follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but

4

by fundamental postulates implicit in the constitutional design[,]" *id.* at 729, which preserves to States "a substantial portion of the Nation's primary sovereignty, together with the dignity and essential attributes inhering in that status," *id.* at 714, and "a system in which the State and Federal Governments would exercise concurrent authority over the people," *id.* (quoting *Printz v. United States*, 521 U.S. 898, 919–20 (1997)).  The States thus "retain the dignity, though not the full authority, of sovereignty."  *Id.* at 715.

As the Fourth Circuit has stated, "no bright line of demarcation can be drawn separating 'state agents and state instrumentalities,' which partake of the State's Eleventh Amendment immunity, from local governmental entities, which do not."  *Cash v. Granville County Board of Education*, 242 F.3d 219, 223 (4th Cir. 2001).  Merely because a Defendant is technically an entity of the State does not automatically mean it is immune from suit under the Eleventh Amendment.  Whether a government employee is "to be regarded as [a] State or local government employee[ ], for purposes of the Eleventh Amendment or 42 U.S.C. § 1983, [is a] federal law issue[ ]."  *Proctor v. Wells Fargo Bank, N.A.*, 289 F.Supp.3d 676, 687 (D. Md. 2018) (quoting *Rucker v. Harford Cty.*, 316 Md. 275, 280, 558 A.2d 399, 401 (1989)); *see also Clea v. Mayor & City Council of Baltimore*, 312 Md. 662, 670 n. 5, 541 A.2d 1303, 1306 n. 5 (1988) ("[W]ith regard to federal law liability under 42 U.S.C. § 1983, the state law classification of [a state agency or official] would not be decisive, and [a state agency or official] might well be regarded as a local government agency [or official]."), *superseded by statute on other grounds as stated in Houghton v. Forrest*, 412 Md. 578, 589, 989 A.2d 223, 230 (2010).  Rather, the Fourth Circuit has looked to a number of factors, including whether: 1) any judgment would be paid from the State's coffers; and 2) "if the judgment would adversely affect the dignity of the State as a sovereign and as one of the United States."  *Cash*, 242 F.3d at 223–24.

Accordingly, I cannot accept, as Defendant asks, that merely because Defendant was an official of the state that he was immune from suit.

## II. Plaintiff's Claims Against Defendant Higgs Do Not Concern the Tax Sale, but Rather the Administration of the County's Tax Records.

Recognizing such, Defendant Higgs, in his Motion for Summary Judgment, argues that he is immune from suit as a state official because he is not a final policymaker for the purposes of Prince George's County's tax sale. This argument is based on a misreading of Plaintiff's Complaint. As noted above, although Plaintiff's claims against Prince George's County and other local officials involve the administration of the tax sale, Plaintiff's claim against Defendant Higgs explicitly relates to the administration and maintenance of the County's tax records. Accordingly, even if I were to consider Defendant Higgs' affidavit – and there is serious question as to whether I should – it would not justify the dismissal of Plaintiff's claim against Defendant Higgs. The seven-paragraph affidavit simply states that Defendant Higgs has no role regarding the property tax sale process. ECF No. 30-2.

Although Defendant Higgs adds at the end of his affidavit that he never acts as a final policymaker for the purpose of any local government in Maryland, this conclusory statement is insufficient to merit a grant of summary judgment.[1] Plaintiff, citing to statute, has alleged that Defendant is responsible for, among other things, maintaining property tax records for each County in the State. Defendant's blanket statement does nothing to address the substance of Plaintiff's argument or the statute it cites in support. Once the parties have completed discovery, they may

---

[1] Although Defendant focuses his brief on Higgs' lack of involvement in the tax sale process, Defendant raises this point, in passing, in support of its Motion for Summary Judgment. ECF No. 30-1, at 6. Although I need not address arguments raised in passing, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017), I address the argument out of an abundance of caution.

6

again raise this issue.  However, given Plaintiff's specific allegations regarding Defendant Higgs' role in the local tax recording process, and Defendant Higgs' conclusory general statement in response, dismissal of Plaintiff's claims at this time is inappropriate.[2]

**CONCLUSION**

For the reasons discussed above, Defendant's Second Motion to Dismiss is denied; and Defendant's Motion for Summary Judgment is denied, without prejudice.

Dated: December 30, 2022

_____/s/_____
Ajmel A. Quereshi
United States Magistrate Judge

---

[2] Defendant's Second Motion to Dismiss also argued that Plaintiff may not advance a negligence claim against Defendant Higgs.  ECF No. 19-1, at 4.  However, Plaintiff's Second Amended Complaint includes a negligence claim against only the other Defendants.  ECF No. 25-2, at 10.